IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:03 CR 77
1:04 CR 49

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BRIAN KEITH MERCER | ) | |
| | ) | |

This matter is before the Court on Defendant's Motion for Release from Custody. The Government has filed a response.[1]

On January 16, 2020, a petition was filed alleging that Defendant had violated the terms and conditions of his supervised release.

Defendant made an initial appearance on January 22, 2020. Defendant appeared again before the Court on January 24, 2020 at which time he waived his preliminary revocation hearings and a hearing on the issue of detention was continued indefinitely.

Defendant's current Motion requests that he be released from custody without a further hearing or, in the alternative, that if an in-person hearing is held, Defendant's presence be waived.

---

[1] Defendant's Motion appears as Doc. 89 in 1:03-CR-77-MR-WCM and as Doc. 24 in 1:04-CR-49-MR-WCM. The Government's Response appears as Doc. 90 in 1:03-CR-77-MR-WCM and as Doc. 25 in 1:04-CR-49-MR-WCM.

1

As detention was not considered previously (at Defendant's request), Defendant is entitled to be heard on the question at this time. The undersigned is not persuaded, however, that the issue of detention in this case should be considered without a hearing or that such a hearing should take place in Defendant's absence. As pointed out by the Government's response, the Government has not yet taken a substantive position regarding Defendant's request for release. Further, defense counsel may wish to provide additional arguments and evidence beyond that in the Motion, or the Court may have questions regarding Defendant's request.

In view of the interests of the parties' in having their positions regarding the Motion considered fully, Defendant's interest in assisting his counsel in that process, and the potential for evidentiary presentations, the undersigned concludes that a hearing should be held with regard to Defendant's Motion and that Defendant should attend.

This conclusion, however, raises another issue referenced by the Motion - defense counsel's concern for her personal safety and the safety of her family in light of the current public health situation. Specifically, the Motion suggests that counsel's health-related concerns could impact her ability to appear with Defendant at a hearing on the Motion.

Accordingly, the Clerk is respectfully **DIRECTED** to schedule a hearing on Defendant's Motion. Defense counsel is **DIRECTED** to file a response to this Order promptly advising why her representation of Defendant should not be terminated and new counsel appointed who could appear with Defendant at the upcoming hearing.

It is so ordered.

Signed: March 23, 2020

W. Carleton Metcalf
United States Magistrate Judge