THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:03-cr-00077-MR-WCM-1
CRIMINAL CASE NO. 1:04-cr-00049-MR-WCM-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| BRIAN KEITH MERCER | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Seal [Criminal Case No. 1-03-cr-77-1, Doc. 99; Criminal Case No. 1-04-cr-49-1, Doc. 33].

The Defendant, through counsel, moves the Court for leave to file a Sentencing Memorandum and exhibits attached thereto under seal in this case. For grounds, counsel states that the memorandum and exhibits thereto contain sensitive and protected health information within the meaning of the Health Information Portability and Accountability Act. [Criminal Case No. 1-03-cr-77-1, Doc. 99; Criminal Case No. 1-04-cr-49-1, Doc. 33]. However, counsel fails to provide any grounds as to why less drastic alternatives to

wholesale sealing of the sentencing memorandum and exhibits thereto would not be effective.

Before sealing a court document the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). Where sealing is allowed, the defendant is still required to file in the public record a redacted sentencing memorandum with only those portions that are allowed to be sealed having been redacted. United States v. Harris, 890 F.3d 480, 491-92 (4th Cir. 2018).

Here, the Defendant has failed to provide a sufficient basis as to why less drastic alternatives to wholesale sealing would not be effective. The Defendant provides only grounds for why *portions* of the memorandum and exhibits thereto may be sealed. However, even when grounds are sufficient to allow sealing only portions of a pleading, a defendant is still required to file a publicly accessible version of the pleading that redacts only those portions allowed to be sealed. See Harris, 890 F.3d at 491-92. Further, the Defendant's Motion fails to identify with sufficient specificity the applicable

2

Case 1:03-cr-00077-MR-WCM   Document 100   Filed 08/19/20   Page 2 of 4

portions sought to be sealed necessary to allow for findings specific enough to determine whether the sealing of those portions is consistent with the First Amendment or common law right to public access. Generally, the more central a piece of information is to the relief a defendant seeks, the greater the public's right to know that information and the less the defendant's right to have such information sealed.

As such, the Defendant's Motion fails to provide a sufficient basis to support a decision to seal the Sentencing Memorandum and exhibits thereto and for rejecting the alternatives to sealing. For these reasons, the Court will deny the Defendant's Motion. The Court, however, will allow the sentencing memorandum and exhibits to remain temporarily under seal pending the Defendant filing a renewed Motion to Seal that identifies with specificity the portions of the sentencing memorandum and exhibits sought to be sealed and provides sufficient basis for the sealing thereof.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Seal [Criminal Case No. 1-03-cr-77-1, Doc. 99; Criminal Case No. 1-04-cr-49-1, Doc. 33] is **DENIED WITHOUT PREJUDICE**. The Defendant shall file a Motion to Seal that identifies with specificity the portions of the sentencing memorandum and exhibits sought to be sealed and provides sufficient basis for the sealing thereof within fourteen (14) days. The Sentencing

Memorandum and exhibits thereto [Criminal Case No. 1-03-cr-77-1, Docs. 98, 98-1, 98-2; Criminal Case No. 1-04-cr-49-1, Docs. 32, 32-1, and 32-2] shall remain temporarily under seal until further Order of this Court.

**IT IS SO ORDERED.**  Signed: August 19, 2020

Martin Reidinger
Chief United States District Judge